IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EUGENE ROBERT ZARWELL,<br>    Plaintiff | * | |
| | * | |
| v. | | Civil No. AMD 07-1227 |
| | * | |
| UNITED PARCEL SERVICE, INC.,<br>    Defendant | * | |
| | *** | |

MEMORANDUM OPINION

In this action Eugene Zarwell, an experienced *pro se* litigant, alleges that UPS wrongfully mishandled a package in transit to him from his wife in Russia. *Compl.* ¶ 1.[1] Plaintiff alleges that his wife sent, via UPS, her birth certificate and their marriage license, which plaintiff required to secure a visa for her. *Id.* ¶¶ 4, 6. When the envelope arrived, Zarwell found that it had been torn open, and its contents were missing. *Id.* ¶ 7. Zarwell contacted UPS and various law enforcement agencies, but the documents were never recovered. *Id.* ¶¶ 11, 13, 18. Zarwell then filed the present action seeking $3.5 million in damages.[2]

The complaint leaves considerable doubt as to the legal theory on which Zarwell intends to proceed. However, in light of his *pro se* status, the court has evaluated those claims

---

[1] Zarwell has authored at least two publications which claim to aid non-lawyers in pursuing *pro se* litigation. *See* http://www.proselegal-ez.com. The website also boasts "Gene Zarwell's easy reading vignettes and pointers for on target pleadings and motions gives new meaning to Pro se litigation" and that plaintiff has "15 wins in 17 *pro se* cases under his belt, has learned 'out of tradition box' strategies." *Id.*

[2] Among other things, the amount of damages claimed in this complaint is unclear. In paragraph 19, Zarwell "seeks damages in the amount of $35 million" whereas in paragraph 23, he requests "the full amount of claim in amount of $3.5 million."

that Zarwell alludes to,[3] along with those claims that appear reasonably plausible given the above-described factual background.[4] As set forth herein, this court lacks subject matter jurisdiction to hear any such claim on the facts alleged; accordingly, the case shall be dismissed on defendant's motion.

I.

Article Three of the Constitution demands that there be an actual case or controversy for federal courts to act; the doctrine of standing is one filter by which erstwhile cases are excluded from federal court. U.S. CONST. art. III; *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37 (1976)("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies. The concept of standing is part of this limitation."). "It is well settled that under Article III of the United States Constitution, a plaintiff must establish that a 'case or controversy' exists 'between himself and the defendant' and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Smith v. Frye*, 488 F.3d 263, 272 (4th Cir. 2007)(quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Federal courts do

---

[3]Zarwell identifies "delays, anguish over ID theft, and lies over actions taken to recover historical documents" as the basis for the damages he claims. *Id.* ¶ 19. He also makes a blanket characterization that UPS's actions constituted fraud. *Id.* ¶ 18. "[D]elays, anguish . . . , and lies," without more, do not give rise to any legal remedy. *Id.* ¶ 19. Furthermore, Zarwell appears to use the terms "identity theft" and "fraud" only rhetorically or colloquially. For purposes of a civil lawsuit, stealing personal documents does not constitute identity theft, nor does poor communication or customer service constitute fraud. The facts alleged fail to support any claim related to the emerging legal concept of "identity theft" or the well-settled concept of "fraud."

[4]On the facts Zarwell describes, the legal claims which might be available include negligence, conversion, or breach of the shipping contract between Zarwell's wife and UPS.

not recognize a general right for a husband to stand in the shoes of his wife to satisfy the standing inquiry.

Here, UPS's failure to deliver the documents to the designated recipient is probably ground for a breach of contract action. However, any contract claim would necessarily be based on the shipping contract entered into by Zarwell's wife and UPS. *Compl.* ¶¶ 1, 7, Exh. (UPS Waybill). The rights flowing from that agreement are those of Zarwell's wife, not of Zarwell. As the recipient of the package, Zarwell would at most be considered a third-party beneficiary of the shipping contract. Under Maryland law, an intended, but not an incidental third-party beneficiary, has standing to enforce a contract to which he is not a party. *Marlboro Shirt Co. v. American Dist. Tel. Co.,* 196 Md. 565, 569 (1951)("[I]t must be shown that the contract was *intended for his benefit* . . . [;] [a]n incidental beneficiary acquires by virtue of the promise no right against the promisor.")(emphasis supplied); *Century Nat'l Bank v. Makkar*, 132 Md.App, 84, 93-94 (2000).

Under the circumstances, Zarwell could hardly be considered an *intended* third-party beneficiary of the shipping contract. The purpose of the contract, as intended by Zarwell and his wife, was for Zarwell to obtain the identification documents and use them to procure a visa *for his wife*. *Compl*. ¶¶ 4, 6. None of the parties envisioned or intended that the primary benefit of this agreement would run to Zarwell. Accordingly, he is an incidental third-party beneficiary and lacks standing to bring a claim based on the contract.

II.

Although Zarwell cannot assert his wife's contract claims, he does have sufficient

rights in the contents of the parcel, specifically the marriage certificate, to assert claims based on its loss. Zarwell would have standing to assert claims of negligence and conversion based on his allegation that the documents were in UPS's possession and UPS has not turned them over to him. These causes of action are clearly rooted in state law and therefore the diversity statute, including the amount-in-controversy threshold, must be satisfied for this court to have subject matter jurisdiction. 28 U.S.C. § 1332(a).

Under either the negligence or the conversion theory, the gravamen of Zarwell's complaint is that his property was lost, stolen, or, for all practical purposes, destroyed. Maryland law clearly limits the potential recovery on such a claim to the value of the item at the time the owner was deprived of it. *Bastian v. Laffin*, 54 Md.App. 703, 714 (1983) ("If the property has been destroyed or converted, the measure of damages is its value at the time of the destruction or conversion."). As a matter of law, the maximum damages Zarwell could recover if his conversion claim succeeded would be the reasonable value of the allegedly stolen documents. *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 415 (1985)("The measure of damages in an action for conversion of personal property is the fair market value of the property at the time of conversion."). Similarly, damages in a negligence claim compensate the plaintiff for the value lost as the proximate result of the defendant's negligent conduct. *See Western Maryland R. R. v. Martin*, 110 Md. 554 (1909)(finding that value at time of destruction is the appropriate measure of damages when negligence has caused destruction of personalty).

While the papers Zarwell has lost were certainly worth considerably more to him from

his subjective perspective, their reasonable or fair market value is negligible. Whatever damages Zarwell could recover if successful would clearly fall far short of the $75,000 requirement for diversity jurisdiction and this court therefore lacks subject matter jurisdiction. 28 U.S.C. § 1332(a). In short, there is a "legal certainty" that the jurisdictional minimum is not satisfied here. *Cf. St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by the plaintiff controls [for satisfying the jurisdictional amount] if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (footnotes omitted)). When a federal court concludes that jurisdiction over the claim at bar is lacking "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 95 (4th Cir.1983)(noting that lack of subject matter jurisdiction renders the court unable to hear the claim).

### III.

Zarwell was undoubtedly caused substantial inconvenience by the loss of the documents. However, in the absence of a case or controversy of the type federal courts have authority to adjudicate, dismissal is the only appropriate action. Zarwell is unable to formulate any claim over which this court has jurisdiction and thus the case shall be dismissed. An Order follows.

Date: November 14, 2007                                    /s/
                                                                               Andre M. Davis
                                                                               United States District Judge